# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:11cv120

| | |
|---|---|
| JEFFERY M. DOVER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **MEMORANDUM AND** |
| | )    **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the decision of the Commissioner.

## I.    Procedural History

Plaintiff filed a Title II application for disability benefits and a Title XVI application for supplemental security income on June 22, 2006. (Transcript of

Administrative Record ("T.") 41, 114-121.) Both applications alleged that Plaintiff

became disabled beginning January 1, 2006. (T. 41, 114, 119.) The Social

Security Administration denied Plaintiff's claims, finding that he was not disabled.

(T. 54.) Plaintiff requested reconsideration of the decision, which was also denied.

(T. 64.) A disability hearing was then held before an Administrative Law Judge

("ALJ"). (T. 581.) At the hearing, Plaintiff amended his alleged onset date from

January 1, 2006, to March 2, 2006. (T. 41, 591.) The ALJ then issued a decision

finding that Plaintiff was not disabled. (T. 53.) Subsequently, the Appeals Council

denied Plaintiff's request for review of the decision. (T. 1.) Plaintiff then timely

brought this action seeking review of the Commissioner's decision.

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she

is unable to "engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than

12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171,

176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine

whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.

2005). Under this inquiry, the Commissioner must consider in sequence: (1)

whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of

impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether

the claimant can perform his past relevant work; (5) whether the claimant is able to

perform any other work considering his age, education, and residual functional

capacity. <u>Mastro</u>, 270 F.3d at 177; <u>Johnson</u>, 434 F.3d at 654 n.1; 20 C.F.R. §

404.1520. If at any stage of the inquiry, the Commissioner determines that claimant

is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

## III.    The ALJ's Decision

In his November 19, 2009, decision, the ALJ found that Plaintiff was not

disabled under Sections 216(I) and 223(d) of the Social Security Act. (T. 53.) The

ALJ made the following specific findings:

(1)    The claimant met the insured status requirements of the Social
       Security Act through June 30, 2009.

(2)    The claimant has not engaged in substantial gainful activity
       since March 2, 2006, the alleged onset date (20 CFR 404.1571 *et
       seq.*, and 416.971 *et seq.*).

(3)    The claimant has the following sever impairments: petit mal
       seizures, organic mental disorder, borderline intellectual
       functioning, hypertension, and headaches (20 CFR 404.1520(c)
       and 416.920(c)).

(4)     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5)     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work; which is unskilled simple, routine, repetitive work; dealing primarily with things rather than people; performed in a low stress environment; with no climbing of ladders or scaffolds; and avoidance of exposure to hazardous equipment, unprotected heights, loud noises and vibration.

(6)     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7)     The claimant was born on January 1, 1962 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8)     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills  (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10)   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11)   The claimant has not been under a disability, as defined in the Social Security Act, from March 2, 2006 through the date of this

decision (20 CFR 404.1520(g) and 416.920(g)).

(T.43-52.)

## VI.    Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security

benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).   The scope of

judicial review, however, is limited.  The Court "must uphold the factual findings of

the Secretary if they are supported by substantial evidence and were reached

through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585,

589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Id. (internal quotation

marks omitted).  It is more than a scintilla but less than a preponderance of

evidence. Id.  When a federal district court reviews  the Commissioner's decision,

it does not "re-weigh conflicting evidence, make credibility determinations, or

substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue

before the Court is not whether Plaintiff is disabled but, rather, whether the

Commissioner's decision that she is not disabled is supported by substantial

evidence in the record, and whether the ALJ reached her decision based on the

correct application of the law. Id.

## V.	Analysis[1]

## A.	The ALJ Properly Evaluated the Medical Opinion Evidence

Plaintiff contends that the ALJ failed to properly evaluate and weigh the

medical opinion evidence of Dr. Kevin Klein, M.D., Dr. Donald Hinnant, Ph.D.,

and Dr. Richard Welser, Ph.D. Dr. Klein is Plaintiff's treating neurologist and has

seen Plaintiff for a number of years regarding Plaintiff's neurological impairments

and symptoms, including his seizures. (T. 442, 446-467, 611.) Dr. Hinnant is a

licensed clinical psychologist who on August, 18, 2009, conducted a psychological

evaluation of Plaintiff at the request of Plaintiff's attorney. (T. 555-559, 613.)

Finally, Dr. Welser is a licensed psychologist who examined Plaintiff on November

21, 2006. (T. 385-388.) The Court will consider each of Plaintiff's alleged errors

in turn.

### 1.	The ALJ did not err in weighing the findings of Dr. Klein

In evaluating and weighing medical opinions, the ALJ considers: "(1)

whether the physician has examined the applicant, (2) the treatment relationship

between the physician and the applicant, (3) the supportability of the physician's

opinion, (4) the consistency of the opinion with the record, and (5) whether the

physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005);

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

Mastro, 270 F.3d at 178.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Plaintiff contends that the ALJ erred by failing to specify what weight he gave to the medical findings of Dr. Klein in assessing the severity of Plaintiff's impairments. (Pl.'s Mot. Summ. J. at 15.) This is the only error Plaintiff alleges

with regard to Dr. Klein.   As Plaintiff correctly points out, some courts in this

District have remanded cases where the decision of the ALJ fails to explain the

weight given to the medical source opinions.  See e.g., Dean v. Astrue, No.

3:08cv563, 2010 WL 5589358 (W.D.N.C. Dec. 22, 2010) (Keesler, Mag. J.)

adopted by Dean v. Astrue, No. 3:08cv563, 2011 WL 159630 (W.D.N.C. Jan. 18,

2011) (Mullen, J.); Miller v. Astrue, No. 3:09cv351, 2010 WL 4977063 at * 4-5

(W.D.N.C. Nov. 10, 2010) (Keesler, Mag. J.) adopted by  Miller v. Astrue, No.

3:09cv351, 2010 WL 49754890 (W.D.N.C. Dec. 1, 2010) (Conrad, C. J.).

In contrast to Plaintiff's contention to the contrary, however, the ALJ's

decision specifically references SSR 96-2p and states that he is giving "controlling

weight" to Plaintiff's "treating physician and treating neurologist which support a

finding that the claimant is able to perform 'light' work with additional mental

limitation due to his seizures and borderline intellectual function."  (T. 50-51.)

Although the ALJ referred to Dr. Klein as Plaintiff's treating neurologist rather than

by his name, there is no question as to whom the ALJ was referring in the decision

as Dr. Klein was Plaintiff's treating neurologist.  (T. 46, 50.)   Moreover, the ALJ

discussed at length the treatment notes and opinions of Dr. Klein, as well as the

reasons for why he weighed the opinion of Dr. Klein to the extent he did.  (T. 46-

51.)  Accordingly, the Court finds that Plaintiff's contention that remand is required

so that the ALJ can state what weight he is giving the opinion of Dr. Klein is without merit.

                2.     <u>The ALJ did not err in considering the opinion of Dr. Hinnant</u>

After discussing the medical opinion of Dr. Hinnant, the ALJ stated that he was not giving the opinion of Dr. Hinnant significant weight. (T. 50.) The ALJ then explained his reasoning for not giving much weight to this opinion. (T. 50.) Plaintiff contends that the ALJ erred by rejecting the opinion the Dr. Hinnant and giving more weight to the state agency consultative examiner. (Pl.'s Mot. Summ. J. at 17.)

As an initial matter, statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." <u>Id.</u> Moreover, Dr. Hinnant examined Plaintiff on one occasion in preparation for the disability hearing; he was not a treating psychologist, and, therefore, his opinion was not entitled to controlling weight on that basis. (T. 555, 611-613); 20 C.F.R. § 404.1527(d).

Finally, upon a review of the decision of the ALJ and the entire record in this

case, the Court finds that substantial evidence supports the ALJ's conclusion not to assign significant weight to the opinion of Dr. Hinnant. Dr. Hinnant opined that Plaintiff could not perform simple, repetitive task as a result of cognitive deficits and seizures. (T. 559) In addition, he concluded that Plaintiff would not be able to work a regular schedule. (T. 559). The ALJ found that these opinions were not supported by the medical records and treatment notes of Plaintiff's treating physician and neurologist and were contradicted by the opinion of the examining psychologist Dr. Welser. (T. 49-50.) As the Fourth Circuit has repeatedly warned, it is not the role of this Court to re-weigh conflicting evidence, make credibility determinations, or substitute the judgment of this Court for that of the ALJ. See e.g., Johnson, 434 F.2d at 653. Although Plaintiff disagrees with the manner in which the ALJ weighed the conflicting evidence in this case, the Court finds that the ALJ's ultimate decision to accord only little weight to the opinion of Dr. Hinnant and to weigh more heavily the opinions from other medical sources that may conflict with some of the opinions of Dr. Hinnant is supported by substantial evidence in the record.

        3.     The ALJ did not err in considering the opinion of Dr. Welser

Plaintiff also contends that remand is required in this case because the ALJ failed to state in the decision what weight he gave the opinion of the examining

psychologist Dr. Welser.  (Pl.'s Mot. Summ. J. 18.)   The ALJ discussed the

examination of Plaintiff by Dr. Welser in his decision.  (T. 49-50.)  Although

Plaintiff is correct that the ALJ failed to explicitly state the weight he was giving to

the opinion of Dr. Welser, the ALJ stated that he was giving "great weight" to the

"State agency medical consultants' physical assessments and psychological

consultants' mental assessments."  (T. 51.)   The two state agency psychologists

whose assessments the ALJ found were entitled to great weight, however, reviewed

Dr. Welser's evaluation of Plaintiff and were consistent with his opinion.  (T. 389-

401, 446.)  Although the ALJ should have explicitly stated in the decision the

weight he was giving to Dr. Welser's opinion, it is clear from the decision that the

ALJ was also giving great weight to Dr. Welser's opinion.  Moreover, remanding

this case so that the ALJ could explicitly state that he was assigning great weight to

Dr. Welser's opinion would be a pointless exercise as the opinion of Dr. Welser is

cumulative of the opinions that the ALJ assigned great weight and only serves to

bolster the ALJ's determination as to Plaintiff's residual functional capacity, as well

as the ultimate decision that Plaintiff was not disabled.  See Floyd v. Astrue,

3:10cv474, 2011 WL 4946270 (W.D.N.C. Oct. 18, 2011) (Mullen, J.) ("since there

was sufficient evidence in the record . . . a remand requiring the ALJ to make

further findings as to specific functional capacities would clearly be a pointless

exercise.") Accordingly, even assuming that the ALJ did err, any such error by the ALJ was harmless because remand would not lead to a different result. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished) (applying harmless error doctrine in context of Social Security case). The Court, therefore, finds that Plaintiff's contention that remand is required because the ALJ failed to articulate the weight he gave to the medical opinion of Dr. Welser is without merit.

B.    The ALJ's Credibility Determination is Supported by Substantial Evidence in the Record

Finally, Plaintiff contends that the ALJ erred in assessing his statements regarding his symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the credibility determination of the ALJ is supported by substantial evidence. Id. In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be

expected to produce claimant's symptoms.  20 C.F.R. §404.1529(c)(1); Craig, 76

F.3d at 595; Hines, 453 F.3d at 565.  If the ALJ finds that a claimant suffers such an

impairment and that it could reasonable be expected to produce the symptoms or

pain of which claimant complains, the ALJ proceeds to step two.  20 C.F.R. §

404.1529(c)(1);  Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the

pain, as well as the extent to which the claimant's symptoms and pain impact his or

her ability to work.  20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This

evaluation requires the ALJ to determine the degree to which the claimant's

statements regarding symptoms and their functional effects can be believed and

accepted as true; thus the ALJ must consider conflicts between the claimant's

statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This

evaluation takes into account all of the available evidence, including the claimant's

medical history, the medical signs and laboratory findings, other objective medical

evidence, and testimony or statements from claimant, physicians, or others

regarding the pain and symptoms.   20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76

F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1)

the daily activities of claimant; (2) the location, duration, frequency, and intensity

of the claimant's pain and symptoms; (3) factors that predicate or aggravate the

claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects

of any medication claimant takes in order to alleviate the pain or symptoms; (5) any

treatment other than medication that claimant received to alleviate the pain or

symptoms; (6) any additional measure that claimant used to relieve the pain or

symptoms; (7) any other factors concerning claimant's functional imitations and

restrictions resulting from the pain or symptoms.  20 C.F.R. § 404.1529(c)(3); see

also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory

statement that the claimant's allegations are not credible.  SSR 96-7p, 1996 WL

374186 (Jul. 2, 1996).  The decision must contain specific reasons for the finding

and must "be sufficiently specific to make clear to the individual and to any

subsequent reviewers the weight the adjudicator gave to the individual's statements

and the reasons for that weight." Id.

In contrast to Plaintiff's contention to the contrary, the ALJ applied this two

step process in assessing his statements regarding his symptoms.  The ALJ first

determined that Plaintiff's medically determinable impairments could reasonably be

expected to produce some of the symptoms Plaintiff alleged.  (T. 46.)  The ALJ then

found that Plaintiff's "statements concerning the intensity, persistence and limiting

effects of these symptoms are not credible to the extent they are inconsistent with

the . . . residual functional capacity assessment." (Id.)  The ALJ also provided

detailed and specific reasons for why he found Plaintiff's testimony not fully

credible.  (T. 46-51.)  For example, the ALJ pointed to inconsistencies in Plaintiff's

testimony at the hearing with the evidence in his medical records, specifically his

reports to his treating physicians.  (T. 51.)  The ALJ found that Plaintiff's testimony

regarding the frequency and severity of his seizure activity was inconsistent with

the medical records.  (T. 51.)  In addition, the ALJ found that Plaintiff's credibility

as to his activity level was questionable because the medical records show that he

suffered injuries requiring medical treatment and surgery while playing ball and

running.  (T. 51.)

Put simply, the Court finds that Plaintiff's contention that the ALJ failed to

comply with the requirements of 20 C.F.R. §404.1529 and SSR 96-7p, failed to

consider the relevant factors in evaluating Plaintiff's credibility, and did not set

forth any reasons in the record for his credibility determination is contradicted by

the ALR's decision.  The decision contains specific reasons for the ALJ's

credibility finding that are sufficiently specific to make clear to Plaintiff and this

Court the weight the ALJ gave to Plaintiff's statements, as well as the reasons for

that weight.  See SSR 96-7p.  Moreover, upon a review the medical records and the

transcript of the hearing, the Court finds that the ALJ's determination that

Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. See SSR 96-7p. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred as a matter of law in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision.

Signed: March 19, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).